# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No.

DOLLAR ONLY WHOLESALE, LLC, )
an Arizona Limited liability company )
)
      Plaintiff, )
)
vs. )
)
TRANSNATIONAL FOODS, INC., )
a Florida Corporation )
)
      Defendant. )
_____ )

## COMPLAINT

Plaintiff, DOLLAR ONLY WHOLESALE, LLC, sues Defendant, TRANSNATIONAL FOODS, INC., and alleges as follows:

### JURISDICTION AND VENUE

1.    This is an action for damages and equitable relief based on infringement of unregistered trade dress under the Lanham Act, codified at 15 USC § 1125, common law unfair competition, and violations of Florida's Deceptive and Unfair Trade Practices Act, codified at F.S.A. § 501.204.

2.    Jurisdiction is conferred on this Court by 15 U.S.C. § 1121 and 28 U.S.C. § 1338. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all state law claims derived from a common nucleus of operative facts. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b).

3. Defendant is incorporated in Florida, and conducts significant business, including the acts that are the subject of this action, out of its headquarters located in this judicial district, and therefore, this Court has in personam jurisdiction over Defendant.

## THE PARTIES

4. Plaintiff, Dollar Only Wholesale, LLC, is an Arizona limited liability corporation, with its principal place of business in Scottsdale, Arizona. In 2004, Plaintiff acquired the "Global Brand" name, assets, and associated goodwill.

5. Plaintiff is a seller and distributor of food products under the "Global Brands" name, operating throughout the United States. Since 1999, Plaintiff and its predecessor have been recognized as a leader within the discount food market, specifically, in the dollar-or-less retail segment, selling mini-cakes, crackers, and cookies through discount retailers and other wholesale distribution channels. In the United States, Plaintiff and the "Global Brands" trade name is widely associated with quality, low-priced food and snack products.

6. Defendant, Transnational Foods, Inc., is a Florida corporation, with its principal place of business in Miami-Dade county, Florida.

7. Defendant is a producer of discount and low-cost food products sold throughout the United States, and internationally. Defendant directly competes with Plaintiff.

## FACTS COMMON TO ALL COUNTS

8. Since their inception in 1999, Plaintiff and its predecessor have has established "Global Brands" as a market leader in the sale and distribution of crackers, cookies, and mini-cakes, among other food products, in the low-cost, discount, and dollar-or-less food product market.

9.  Plaintiff and its predecessor have developed, produced, and sold their food products, including candy, crackers, fruit snacks, cookies, mini-cakes, preserves, and tea and drink mixes throughout the United States since 1999. Plaintiff's products are sold at leading national discount retailers such as Dollar Tree and Big Lots, and are also sold through wholesale and bulk distribution contracts.

10. Plaintiff is a recognized industry leader within its segment of the dollar and discount food market; specifically, mini-cakes, cookies, and crackers. Plaintiff enjoys a strong reputation and has captured a significant portion of the market for the goods it sells by, among other things, developing low cost food products that are high quality, and by providing superior customer service, and timely delivery.

11. Plaintiff has spent millions of dollars developing its products, supply chain, and logistics enabling Plaintiff to deliver a high quality product at a low cost, while meeting its customers' needs. Additionally, Plaintiff has devoted substantial resources and efforts toward developing its brand, including its packaging and trade dress. Plaintiff's packaging and trade dress was developed to distinguish its products from its competitors and achieve recognition with its customers and retail purchasers. As a result of Plaintiff's investments and diligent work, Plaintiff's "Global Brands" name, its products, packaging and design have obtained substantial value and goodwill that, although not easily quantifiable, is valued in the millions of dollars.

12. Two of Plaintiff's most successful products, having gained widespread distribution and market share, are its "cracker tubs" and mini-cookies (sold under the "Minees" name), both of which are the subject of this action.

13. The cracker tubs and mini-cookies sold by Plaintiff have generated millions of dollars in revenue and have become staples of consistent quality at the discount variety and dollar-or-less stores and in other channels where each is sold.

14. Both the cracker tubs and mini-cookies are sold in distinct packaging, and offered in unique weights and quantities. The unique packaging and size/weight/quantity combinations utilized by Plaintiff were previously unused by any competitor before Defendant's most recent foray into the cookies and crackers segment of the discount food market. Defendant has entered the market utilizing packaging and product appearance that is indistinguishable from Plaintiff's, for identical products, sold in identical size/weight/quantity combinations as Plaintiff's.

15. Defendant competes in the same discount food market, selling to the same retailers and end customers as Plaintiff under Defendant's "Pampa" name, and through private label sales and packaging. Until recently, Defendant's efforts towards selling products in the crackers, cookies, and mini-cakes market were met with limited success at best. Defendant's previously developed products within the crackers, cookies, and mini-cakes market segment have failed without capturing market share or consumer interest.

### The Cracker Tubs

16. Plaintiff's cracker tubs are famous and well recognized within the low cost and discount food products market. The cracker tubs have held a substantial share, if not the lion's share, of their market segment. Plaintiff sells the cracker tubs in five flavors, each with its own color motif: red (salted); light green (sour cream and onion); blue (ranch); dark green (veggie); and yellow (cheddar). See Exhibit "A" depicting Plaintiff's various cracker tub flavors and images.

17. Plaintiff's cracker tubs are a unique container for selling a product typically sold in closed boxes and packaged in plastic wrappers. The tubs and the labels contained on them are unique and distinctive and distinguish Plaintiff's products. The cracker tubs' product packaging and image have also developed secondary meaning, as both the buyers for the retail stores and the end consumers have come to know Plaintiff's packaging as an identifier of quality products from Plaintiff.

18. Plaintiff's 8 oz. cracker tubs are comprised of completely translucent plastic tubs to which the bottom portion is a wide square shape with rounded corners, and which narrows into a perfectly round circular top. The top of the tub is colored according to flavor, smooth, and can be twisted on and off. The bottom of the tub flares out to create a wider base and then tapers back in toward the bottom of the tub. A label is wrapped around the center of the tub. The label is primarily white, which serves as a background for cracker images similar to those contained in the tub. Additionally, a thick top border of the label is color coordinated with the twist off top of the tub based on its flavor (red, light green, dark green, blue, and yellow). The bottom and top portions of the label are separated by a smaller green band. Together, the thick color coordinated band and the thinner contrasting band comprise a distinctive color pattern that makes the packages easily recognizable. The top portion of the label also contains the brand name and name of the crackers.

19. Due to the translucent nature of the plastic tub, the actual crackers and their quality are readily visible. The crackers are small and circular shaped with fluffy textured edges and three holes perforated into the middle section of each cracker.

## The Cookies

20. Plaintiff's mini-cookies are famous and well recognized within the low cost and discount food products market. The mini-cookies have held a substantial share, if not the lion's share, of their market segment. Plaintiff sells the mini-cookies in five flavors, each with its own color motif: red (vanilla cookies with strawberry cream filling); brown (chocolate cookies with chocolate cream filling); blue (chocolate cookies with vanilla cream filling); pink/purple (vanilla cookies with vanilla cream filling); and yellow (chocolate cookies with banana cream filling). See Exhibit "B" depicting the various mini-cookies flavors and images.

21. Plaintiff's mini-cookies' packaging is also a unique container for selling flavored filling miniature sandwich cookies. The cookie box, individual packages, and the labels contained on them are unique and distinctive, and distinguish Plaintiff's products. The mini-cookies' box and packaging have also developed secondary meaning, as both the buyers for the retail stores and end consumers have come to know Plaintiff's packaging as an identifier of quality products from Plaintiff.

22. Plaintiff's cookie boxes are comprised of an open top rectangular box with clear plastic wrapping, thus exposing the contents of the box. The contents of the box are comprised of ten (10) individually wrapped packages of cookies, separated into five flavors, and stacked two deep, so that consumers see one of each flavor through the clear plastic wrapping. Prior to Defendant's products, no other cookies within this segment were packaged similarly, offered in similar flavor combinations, quantity or size.

23. Each package of cookies is 1.2 oz and is wrapped in opaque colored plastic. The exterior of each cookie package prominently depicts an image of a round sandwich cookie with

geometric pattern of perforations in the center of the cookie, and a textured round and fluffy edge. The packaging also includes the word "Minees" and Plaintiff's "Global Brands" mark.

### Defendant's Infringement

24. Defendant recently began producing cracker tubs and mini-cookies packages in a manner that is intentionally designed to copy and replicate Plaintiff's products, packaging, and product imaging. A side-by-side image of Plaintiff's cracker tubs and Defendant's products, and images of Defendant's cookies and Plaintiff's cookies are attached as Composite Exhibit "C". Upon information and belief, Defendant engages in private label sales and distribution that similarly infringes Plaintiff's rights.

25. Having seen the success of Plaintiff's cracker tubs and mini-cookies, Defendant targeted Plaintiff's products, packaging, and images in producing its own virtually identical products, which utilize identical packaging, quantities, weights, and configurations to pirate away Plaintiff's market share.

26. Defendant has targeted Plaintiff as a leader in the cookies and crackers segment of the market, and has engaged in a process of "wargaming" or "competitive benchmarking" by essentially reverse engineering Plaintiff's product packaging, to capitalize on Plaintiff's goodwill and success, and to compete against Plaintiff. No other conclusion can be drawn from the striking similarities of the products, their packaging and appearance.

27. Defendant's cracker tubs and mini-cookies utilize a commercial impression, comprised of a combination of a unique container shape, text, images, and layout substantially identical to that utilized by Plaintiff's cracker tubs and mini-cookies. See Composite Exhibit "C".

28. Defendant's cracker tubs and mini-cookies are sold to and through the same outlets as Plaintiff's products. Defendant's cracker tubs and mini-cookies are often placed side-by-side on the shelves, and the parties compete for sales and distributions to the same customers. See Exhibit "D" depicting Plaintiff's and Defendant's cracker tubs being sold side-by-side at a retail store.

29. Due to their low cost – at or under one dollar – retail consumers are unlikely to exercise much caution or discretion when comparing Plaintiff and Defendant's products. Rather, consumers are likely to be confused that the two virtually identical products are from the same source.

30. Actual confusion between Plaintiff's products and Defendant's produces has occurred. Plaintiff is suffering damages and irreparable harm as a result of Defendant's predatory actions and unfair competition.

31. All conditions precedent to the filing of this action have occurred, been performed, or waived.

32. Plaintiff's have retained the undersigned counsel and have agreed to pay reasonable attorneys' fees, for which Defendant is liable.

## COUNT I
## TRADE DRESS INFRINGEMENT – CRACKER TUBS
## 15 U.S.C. 1125(a)

33. Plaintiff repeats and re-alleges every allegation contained in paragraphs 1 through 32 as if fully set forth herein.

34. Plaintiff's unique combination of elements that comprise its cracker tub packaging – its trade dress – is distinctive and has been recognized to distinguish Plaintiff's products from those of Plaintiff's competition.

35. Plaintiff's cracker tubs packaging is unique for selling flavored crackers. The unique combination of elements that comprise the cracker tub packaging – its trade dress – distinguish Plaintiff from its competition.

36. Plaintiff's trade dress has also developed secondary meaning, as buyers for the retail stores and end consumers have come to know Plaintiff's packaging as an identifier of Plaintiff's products.

37. Plaintiff's use of its trade dress predates the use of Defendant's packaging.

38. Defendant's intentional and unlawful use in commerce of product packaging that is nearly identical to Plaintiff's trade dress constitutes use in commerce of a word, term, name, symbol, or device, or a combination thereof, or a false designation of origin, false or misleading description, and/or false representation that is likely to cause confusion, reverse confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Defendant with Plaintiff, or as to origin, sponsorship or approval of Defendant's services or commercial activities by Plaintiff, or to cause reverse confusion thereof.

39. Defendant's intentional and unlawful use of packaging that is nearly identical to Plaintiff's trade dress is likely to cause confusion and mistake in the minds of the consuming public, and in particular creates the false impression that the products sold by Defendant emanate from and/or are authorized, sponsored, approved by or affiliated with Plaintiff, when, in fact, they are not and never have been.

40. Defendant's intentional copying and replication of Plaintiff's trade dress constitutes a false designation or origin and/or false description, and unfair competition in violation of section 43(a) of the Lanham act, codified at 15 U.S.C. § 1125(a).

41. Defendant's acts have caused and will continue to cause great and irreparable harm to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable harm.

42. Plaintiff has sustained damages and is continuing to do so as a result of Defendant's intentional and unlawful acts. Although Plaintiff is entitled to an award of damages, Plaintiff has no adequate remedy at law.

## COUNT II
## TRADE DRESS INFRINGEMENT – MINI-COOKIES
## 15 U.S.C. 1125(a)

43. Plaintiff repeats and re-alleges every allegation contained in paragraphs 1 through 32 as if fully set forth herein.

44. Plaintiff's unique combination of elements that comprise its mini-cookies packaging – its trade dress – is distinctive and has been recognized to distinguish Plaintiff's products from those of Plaintiff's competition.

45. Plaintiff's mini-cookies packaging is unique for selling flavored filling mini-cookies. The unique combination of elements that comprise the mini-cookie packaging – its trade dress – distinguish Plaintiff from its competition.

46. Plaintiff's trade dress has also developed secondary meaning, as buyers for the retail stores and end consumers have come to know Plaintiff's packaging as an identifier of Plaintiff's products.

47. Plaintiff's use of its trade dress predates the use of Defendant's packaging.

48. Defendant's intentional and unlawful use in commerce of product packaging that is nearly identical to Plaintiff's trade dress constitutes use in commerce of a word, term, name, symbol, or device, or a combination thereof, or a false designation of origin, false or misleading

description, and/or false representation that is likely to cause confusion, reverse confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Defendant with Plaintiff, or as to origin, sponsorship or approval of Defendant's services or commercial activities by Plaintiff, or to cause reverse confusion thereof.

49. Defendant's intentional and unlawful use of packaging that is nearly identical to Plaintiff's trade dress is likely to cause confusion and mistake in the minds of the consuming public, and in particular creates the false impression that the products sold by Defendant emanate from and/or are authorized, sponsored, approved by or affiliated with Plaintiff, when, in fact, they are not and never have been.

50. Defendant's intentional copying and replication of Plaintiff's trade dress constitutes a false designation or origin and/or false description, and unfair competition in violation of section 43(a) of the Lanham act, codified at 15 U.S.C. § 1125(a).

51. Defendant's acts have caused and will continue to cause great and irreparable harm to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable harm.

52. Plaintiff has sustained damages and is continuing to do so as a result of Defendant's intentional and unlawful acts. Although Plaintiff is entitled to an award of damages, Plaintiff has no adequate remedy at law.

## COUNT III
## COMMON LAW UNFAIR COMPETITION – CRACKER TUBS

53. Plaintiff repeats and re-alleges every allegation contained in paragraphs 1 through 32 as if fully set forth herein.

54. The acts of Defendant in manufacturing, offering for sale and/or selling flavored crackers in packaging that is nearly identical to Plaintiff's trade dress, constitute unfair competition.

55. Defendant seeks to misappropriate the goodwill of Plaintiff and its trade dress, brand imaging, reputation and client relationships.

56. Defendant has engaged in calculated conduct to cause confusion in the market by passing off its products as Plaintiff's, or copying so much of Plaintiff's branding and image that customers and consumers will not distinguish or differentiate between the two.

57. Defendant's acts have caused and will continue to cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

58. Plaintiff has sustained damages and is continuing to do so as a result of Defendant's unlawful acts and unfair competition. Although Plaintiff is entitled to an award of damages, Plaintiff has no adequate remedy at law.

## COUNT IV – COMMON LAW UNFAIR COMPETITION – MINI- COOKIES

59. Plaintiff repeats and re-alleges every allegation contained in paragraphs 1 through 32 as if fully set forth herein.

60. The acts of Defendant in manufacturing, offering for sale and/or selling flavored filling cookies in packaging that is nearly identical to Plaintiff's trade dress, constitute unfair competition.

61. Defendant seeks to misappropriate the goodwill of Plaintiff and its trade dress, brand imaging, reputation and client relationships.

62. Defendant has engaged in calculated conduct to cause confusion in the market by passing off its products as Plaintiff's, or copying so much of Plaintiff's branding and image that customers and consumers will not distinguish or differentiate between the two.

63. Defendant's acts have caused and will continue to cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

64. Plaintiff has sustained damages and is continuing to do so as a result of Defendant's unlawful acts and unfair competition. Although Plaintiff is entitled to an award of damages, Plaintiff has no adequate remedy at law.

## COUNT V
## VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT – CRACKER TUBS

65. Plaintiff repeats and re-alleges every allegation contained in paragraphs 1 through 32 as if fully set forth herein.

66. Defendant, through its conduct alleged above has violated Florida Statutes § 501.204 by using unfair methods of competition in the conduct of trade or commerce.

67. Defendant's intentional and unlawful acts of targeting Plaintiff's successful products and image and misappropriating the goodwill residing in same to siphon off customers for itself constitute unfair and deceptive trade practices.

68. By deceiving the consuming public through the use of confusingly similar flavored cracker packaging, Defendant's have injured Plaintiff by diminishing and misappropriating Plaintiff's goodwill and diverting sales from Plaintiff to Defendant, thus resulting in lost profits for Plaintiff.

69. Defendant's acts have caused and will continue to cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

70. Plaintiff has sustained damages and is continuing to do so as a result of Defendant's unlawful acts and unfair competition. Although Plaintiff is entitled to an award of damages, Plaintiff has no adequate remedy at law.

## COUNT VI
## VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT – MINI-COOKIES

71. Plaintiff repeats and re-alleges every allegation contained in paragraphs 1 through 32 as if fully set forth herein.

72. Defendant, through its conduct alleged above has violated Florida Statutes § 501.204 by using unfair methods of competition in the conduct of trade or commerce.

73. Defendant's intentional and unlawful acts of targeting Plaintiff's successful products and image and misappropriating the goodwill residing in same to siphon off customers for itself constitute unfair and deceptive trade practices.

74. By deceiving the consuming public through the use of confusingly similar flavored cracker packaging, Defendant has injured Plaintiff by diminishing and misappropriating Plaintiff's goodwill and diverting sales from Plaintiff to Defendant, thus resulting in lost profits for Plaintiff.

75. Defendant's acts have caused and will continue to cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

76. Plaintiff has sustained damages and is continuing to do so as a result of Defendant's unlawful acts and unfair competition. Although Plaintiff is entitled to an award of damages, Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests that this court enter Final Judgment:

a) Enjoining Defendant, its agents, employees, servants, privies, successors, and assigns, and all persons acting in concert, participation or combination with Defendant from manufacturing promoting, advertising, and/or selling crackers and cookies through product packaging that violates Plaintiff's trade dress, unfairly competes with Plaintiff's products, or otherwise results in confusion or deception among potential customers; in violation of Section 43(a) of the Lanham Act;

b) Awarding Plaintiff damages in a sum to be determined at trial, and to account for all gains, profits, and advantages derived by Defendant by the sale or advertisement of any cracker or cookie product through the use of packaging similar to Plaintiff's trade dress;

c) Awarding Plaintiff treble damages, punitive damages, reasonable attorneys' fees and the costs and disbursements incurred by Plaintiff in the prosecution of this action; and

d) Awarding such other and further relief as this Court deems just and proper.

**Dated:** October 9, 2013

> /s/ Kevin Markow
> KEVIN MARKOW, ESQ.
> Florida Bar No. 66982
> BECKER & POLIAKOFF, P.A.
> *Attorneys for Defendant*
> 3111 Stirling Road
> Fort Lauderdale, FL 33312-6525
> Telephone: (954) 987-7550
> Facsimile: (954) 985-4176
> KMarkow@bplegal.com
> AZiade@bplegal.com

ACTIVE: G20278/348630:5076373_1